No. 257

ILES v. ILES

No. 20326. Supreme Court

On motion to certify. Dock. Feb. 11, 1927, 5 Abs. 105.

291. CONSTITUTIONAL LAW—Is section 10496 GC., granting right of appeal from probate to common pleas, unconstitutional?

85. APPEALS—Is failure to file appeal bond when divorce action is appealed to common pleas from probate, ground for dismissal?

Clara Iles contends in the Supreme Court that Sec. 10496 GC. being the section granting the right of appeal and error from Probate Court to Common Pleas in the eight counties enumerated in Sec. 10494 GC. is unconstitutional and in contravention of Art. II, Sec. 26 and Art. IV, Sec. 4 of the Ohio constitution.

Also that the failure to file an appeal bond in taking a divorce action from probate to common pleas court is sufficient ground for the dismissal of the appeal.

Attorneys—Abernathy & Simpkins, Circleville, for Iles; J. C. Pettit, Logan, for Iles.

No. 258

STATE v. VARGO

No. 20203. Supreme Court

On leave to file petition in error. Dock. Nov. 30, 1926, 4 Abs. 805.

333. CRIMINAL LAW—Is anger a defense to crime?

George Vargo was convicted of murder in the first degree in the Lake Common Pleas. The case was reversed by the Court of Appeals on the ground that the lower court erred in its charge to the jury in respect to what was said about the defense of anger.

It is claimed that the court charged—"if you find from the evidence, and a preponderance of the evidence, that by reason of his intoxication and anger he was in such condition as to be incapable of forming any intention - - - - to take the life of the deceased, then he could not be found guilty - - - but would be guilty of manslaughter only."

On leave to file a petition in error to the Supreme Court, it is claimed that the charge complained of was favorable to defendant and against the State for the reason that it injected into the case a defense that was not made on the evidence. It is claimed that the evidence does not disclose anger at the time of the killing or any great anger at any time.

It is contended that no objection was made by defendant at the time to this part of the court's charge nor was the Court asked to enlarge upon it, or to separate anger and intoxication or to again charge that the burden of proof at all times was upon the State to prove the material allegations of the indictment, nor did defendant take special exception to this part of the charge.

It is claimed that no evidence of intoxication on part of defendant appears from the State's evidence, that intoxication is an affirmative defense with the burden on the defendant, and that when defendant, by his request, combined anger and intoxication, he took the position that both were upon the same basis. It is further claimed that anger is no defense to crime, and does not operate to reduce the degree unless the anger is great and unless such anger is aroused by provocation adequate under the law. No such provocation is shown, it is urged.

Attorneys—Seth Paulin, Alvord, Blakely, Ostrander & Slocum for State; Harry T. Nolan and E. K. Giblin for Vargo; all of Painesville.

No. 259

MURPHY v. BLISS, et

No. 20328. Supreme Court

On motion to certify. Dock. 2-14-27, 5 Abs. 105.

328. COURT OF APPEALS—Is the overruling of a motion for judgment notwithstanding the disagreement of the jury, such final order from which error might be prosecuted?

Joseph Murphy brought an action against Daniel Bliss in the Lucas Common Pleas on a promissory note, and the cause was tried to a jury. At the close of all the evidence, Murphy moved the Court to direct a verdict in his favor against the defendants. The motion was overruled and the cause was submitted to the jury. The jury disagreed and were discharged.

Murphy then filed a motion for judgment in his favor, notwithstanding the disagreement of the jury and same was overruled. Murphy thereupon prosecuted error in the Court of Appeals. Bliss, et. moved that the petition in error be dismissed for the reason that the order of the trial court overruling the motion for a verdict was not such a final order from which error might be prosecuted.

It is claimed by Murphy that the Court of Appeals was in error by granting this motion and by dismissing his petition in error.

Attorneys—Manton & Manton for Murphy; Ritter & Brumbach for Bliss; all of Toledo.

No. 260

MUELLER v. BELLINGER

No. 20325. Supreme Court

On motion to certify. Dock. Feb. 11, 1927, 5 Abs. 105.

355. DAMAGES—Can measure of damages exceed amount of appeal bond, where obligee has admitted amount of damages?

The question before the Supreme Court for determination is, whether or not the measure of damages in a suit upon appeal can exceed the actual amount of the bond and the express intention of the parties, in a case whree the obligee has admitted the amount due thereon.

Attorneys—Cable & Cable for Mueller; D. C. Henderson for Bellinger; all of Lima.